The facts are undisputed. The husband began the wife's deposition. At the time of a duly noticed deposition, the wife refused to answer any questions relating to her past, acknowledgement of or participation in extramarital, sexual relationships. The wife's refusal to answer was based on a claimed Fifth Amendment privilege against self-incrimination.
Adultery has historically been a Class A misdemeanor. Connecticut General Statutes 53-81 provides: "Any married person is guilty of adultery when he engages in sexual intercourse with any person other than his spouse." CT Page 5474
The statute of limitations is one year on misdemeanors. That means that one cannot be prosecuted one day after a year from the date of the incident. So that, by way of example, if one were to have committed adultery on June 14, 1989, that person could not be prosecuted for that offense on June 15, 1990.
Our legislature in 1991 passed Public Act 91-19 which said, in simple declarative language, "Section 2. Section 53a-81 of the General Statutes is repealed." The effective date of that law pursuant to 2-23 of the General Statutes is that all public acts except when otherwise therein specified shall take effect on the first day of October following the session of the General Assembly at which they are passed. Accordingly, that Public Act became law on October 1st of 1991. That means that, if someone committed adultery on September 30th of 1991 (when it was still a crime), they could still be prosecuted for that violation until September 30th of 1992 since there is a one-year statute of limitations.
It is further clear that any adultery that took place after October 1, 1991 is not protected by Fifth Amendment protection since there is no crime in Connecticut. Because of the repeal of the law and the one year statute of limitations, this court finds a protected period of June 18, 1991 through September 30, 1991 when the crime of adultery can still be prosecuted. All other violations on either side of those dates are not subject to criminal protection and, therefore, no Fifth Amendment protection against self-incrimination.
Questions concerning extramarital relationships are relevant for the causes of the breakdown of the marriage which is a factor that must be considered pursuant to 46b-81c in determining the property distribution and 46b-82 in determining alimony. If custody is an issue, then the causes of the breakdown are relevant to a custody determination pursuant to 46b-56.
All of this information is particularly relevant in a deposition stage since it assists the parties in determining what is there, what is provable and what should be brought before the trier of fact, if anything. Prohibiting this inquiry causes unfairness and prejudice to the husband.
In order to protect the privacy of the wife, this court orders the depositions to be sealed and finds that sealing to be in the best interests of justice and the child. Said sealed deposition may be used only by the parties, their attorneys and necessary court personnel.
Accordingly, the court grants the motion and allows the husband to continue the deposition of the wife and to conduct an inquiry into the extramarital, sexual relationships, if any, that she had.
This court further orders that the deposition of the wife take CT Page 5475 place first before the husband's deposition. The rulings in this motion are to be considered rulings in the case and binding on all the parties thereto concerning the issue of adultery.